IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND, the CHICAGO REGIONAL COUNCIL CARPENTERS APPRENTICE & TRAINEE PROGRAM FUND, | Case No. |
| Plaintiffs, | |
| vs. | Judge |
| D.P.O. BUILDING MAINTENANCE & CONSTRUCTION INC. d/b/a DPO BUILDING MAINTENANCE & CONSTRUCTION INC. | |
| Defendant. | |

**C O M P L A I N T**

Now come the Plaintiffs, the Chicago Regional Council of Carpenters Pension Fund, et al., by their attorney, Nicholas E. Kasmer of McGann, Ketterman & Rioux, complaining of the Defendant, D.P.O. BUILDING MAINTENANCE & CONSTRUCTION, INC., d/b/a DPO BUILDING MAINTENANCE & CONSTRUCTION, INC., and allege as follows:

1. This action arises under Section 502 of the Employee Retirement Income Security Act and Section 301 of the Taft-Hartley Act. (29 U.S.C. §§1132 and 185). Jurisdiction is founded on the existence of questions arising thereunder.

2. The Chicago Regional Council of Carpenters Pension Fund, the Chicago Regional Council of Carpenters Welfare Fund, and the Chicago Regional Council of Carpenters Apprentice Training Fund ("Trust Funds") receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the Chicago Regional Council of Carpenters, ("Union"), and therefore, are multiemployer plans. (29 U.S.C. §1002). The Trust Funds are administered at 12 East Erie, Chicago, Illinois and venue is proper in the Northern District of Illinois.

3. D.P.O. BUILDING MAINTENANCE & CONSTRUCTION, INC., d/b/a DPO BUILDING MAINTENANCE & CONSTRUCTION, INC., ("Defendant") is an employer engaged in an industry affecting commerce and entered into a Collective Bargaining Agreement whose terms require itself to pay fringe benefits to the Trust Funds.

4. The Collective Bargaining Agreement also binds Defendant to the provisions of the Agreement and Declarations of Trust that created the Trust Funds ("Trust Agreements").

5. Defendant is required to make contributions to the Trust Funds for each hour worked by its carpenter employees at the rate and in the manner specified in the Collective Bargaining Agreements and Trust Agreements. In addition, Defendant is required to make contributions to the Trust Funds measured by the hours worked by

subcontractors that are not signatory to a Collective Bargaining Agreement with the Union.

6. Pursuant to the provisions of the Trust Agreements and the Collective Bargaining Agreements, Defendant is required to provide access to the records necessary for the Trust Funds to determine whether there has been compliance with the obligation to contribute to the Trust Funds.

7. An audit was conducted, and Defendant breached the provisions of the Collective Bargaining Agreement by underpaying contributions that are owed to the Trust Funds based upon hours worked by employees and/or measured by the hours worked by subcontractors. The amount of contributions owed to the Trust Funds as a consequence of this breach for the period of May 18, 2016 to December 31, 2016 is $27,072.60.

8. Plaintiffs have complied with all conditions precedent to bring this suit.

9. Plaintiffs have been required to employ the undersigned attorneys to compel the audit of the Defendant's books and records.

10. Defendant is obligated to pay the attorney and auditor fees and court costs incurred by the Plaintiffs pursuant to the Collective Bargaining Agreements, the Trust Agreements and/or 29 U.S.C. §1132(g)(2)(D).

11. According to the Collective Bargaining Agreement, the Trust Agreements and/or 29 U.S.C. §1132(g), Defendant is obligated to pay liquidated damages and interest.

12. Pursuant to 29 U.S.C. §1132(g)(2), Plaintiffs are entitled to an amount equal to the greater of:

(a) double interest; or
(b) interest plus liquidated damages.

WHEREFORE, Plaintiffs pray:

A. That the Defendant, be required to pay fringe benefit contributions to the Plaintiffs in the amount of $27,072.60.
B. That Defendant, be ordered to pay the attorney and auditor fees and costs incurred by the Plaintiffs.
C. That Defendant, be ordered to pay double interest or interest plus liquidated damages on the amount that is due.
D. That Plaintiffs have such other and further relief as by the Court may be deemed just and equitable all at the Defendant's cost.

Respectfully Submitted,

CHICAGO REGIONAL COUNCIL PENSION FUND et al.

By: s/ Nicholas E. Kasmer
_____
Nicholas E. Kasmer

Nicholas E. Kasmer
Attorney for Plaintiffs
McGann Ketterman & Rioux
111 East Wacker Drive, Suite 2600
Chicago, Illinois 60601